DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| UNITED STATES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Criminal No. 12-13 |
| ) | |
| ALEX HARRIS, ) | |
| ) | |
| Defendant. ) | |
| ) | |

ATTORNEYS:

**Gretchen Shappert, United States Attorney**
**David White, AUSA**
U.S. Attorney's Office
St. Thomas, U.S.V.I.
  *For the United States,*

**Alex Harris**
  *Pro se.*

## ORDER

**GÓMEZ, J.**

Before the Court is the July 1, 2016, Report and Recommendation of the Magistrate Judge. The Magistrate Judge recommends that the Court dismiss Alex Harris's motion to withdraw his guilty plea and grant the Government's motions to dismiss.

### I. FACTUAL AND PROCEDURAL HISTORY

On January 28, 2012, Alex Harris ("Harris") discharged a firearm in a school zone. Harris was subsequently arrested. On April 5, 2012, a federal grand jury in the U.S. Virgin Islands returned a five-count indictment charging Harris with

discharging a firearm in a school zone; possession of a firearm in a school zone; carrying a firearm during a crime of violence; being a felon in possession of a firearm; and a local charge of carrying a firearm under 14 V.I.C. § 2253(a).

On July 11, 2012, Harris pled guilty to two counts: discharging a firearm in a school zone under 18 U.S.C. §§ 922(q)(3)(A) and 924(a)(4), and felon in possession under 18 U.S.C. §§ 922(g)(1) and 924(a)(2). On October 11, 2012, the Court sentenced Harris to a term of imprisonment of 60 months.

On November 2, 2012, the Court entered the Judgment and Commitment order. Harris did not appeal his conviction.

On September 14, 2015, Harris filed a *pro se* document captioned "Motion to Withdraw Guilty Plea and Incorporated Memorandum of Law" which the Magistrate Judge regarded as a petition for relief under 28 U.S.C. § 2255.[1] ECF No. 49. Thereafter, the Magistrate Judge ordered the Clerk of Court to furnish Harris with a copy of Form VI-AO 243, Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, and Form VI-AO 240-2255, Motion to Proceed *In Forma Pauperis*. ECF No. 51. The Magistrate Judge ordered Harris to complete and

---

[1] The Magistrate Judge construed Harris's motion as challenging his plea on grounds of ineffective assistance of counsel. Harris argued that he would not have pled guilty had his attorney correctly advised him of the immigration consequences of a plea agreement as to a permanent resident.

sign those motions no later than October 21, 2015, failing which, the matter would be dismissed without further notice to Harris. *Id*. Despite receipt of the forms on October 2, 2015, Harris did not return the completed documents. *See* Certified Return Receipt, ECF No. 53.

On November 3, 2015, the Government filed its first Motion to Dismiss for Failure to Comply.

Subsequently, on November 20, 2015, the Magistrate Judge again ordered Harris to complete and sign the motions mailed to him no later than December 15, 2015. The Magistrate Judge advised Harris that if he failed to complete the forms, the Court might *sua sponte* dismiss the matter. ECF No. 55.

On January 7, 2016, the Government filed its second Motion to Dismiss for Failure to Comply. ECF No. 57.

On July 1, 2016, the Magistrate Judge issued a report and recommendation in this matter. *See* Report and Recommendation, ECF No. 65. In the report and recommendation, the Magistrate Judge recommends that the Court: (1) grant the motions of the United States to dismiss for failure to comply; and (2) dismiss Harris's petition for habeas corpus relief under 28 U.S.C. § 2254 as untimely and for failure to amend his motion by the court-ordered deadlines.

Harris has not filed any objections to the July 1, 2016, report and recommendation.

When a magistrate judge issues a report and recommendation, the Court is required to review *de novo* only those portions of the report and recommendation to which a party has objected. *See* Fed. R. Civ. P. 72(b)(3). When no objection to a magistrate judge's report and recommendation is made, or such an objection is untimely, the district court reviews the report and recommendation for plain error. *See Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987) ("While . . . [28 U.S.C. § 636(b)(1)] may not require, in the absence of objections, the district court to review the magistrate's report before accepting it, we believe that the better practice is for the district judge to afford some level of review to dispositive legal issues raised by the report."); *see also Tice v. Wilson*, 425 F. Supp. 2d 676, 680 (W.D. Pa. 2006) *aff'd*, 276 Fed. App'x 125 (3d Cir. 2008)(explaining that, by failing to object to a portion of a report and recommendation, the litigant "waived its right to have this Court conduct a *de novo* review," and that in those circumstances, "the scope of [the court's] review is far more limited and is conducted under the far more deferential standard of 'plain error' ").

Here, no objections were filed to the July 1, 2016, report and recommendation. Accordingly, the Court will review the Magistrate Judge's Report and Recommendation for plain error.

To reject or modify a report and recommendation under plain error review, a district court must find "an 'error' that is 'plain' and that 'affects substantial rights.'" *United States v. Russell*, 134 F.3d 171, 181 (3d Cir. 1998) (quoting *United States v. Retos*, 25 F.3d 1220, 1228 (3d Cir. 1994)). "A 'plain' error is one that is 'clear' or 'obvious.'" *Gov't of Virgin Islands v. Lewis*, 620 F.3d 359, 364, 54 V.I. 882 (3d Cir. 2010) (quoting *United States v. Turcks*, 41 F.3d 893, 897 (3d Cir. 1994)).

Reviewing the record in this case and the July 1, 2016, report and recommendation for plain error, the Court is convinced that the Magistrate Judge's factual and legal findings are correct. As such, the Court will adopt the findings and reasoning in the July 1, 2016, report and recommendation.

The premises considered, it is hereby

**ORDERED** that the Report and Recommendation of the Magistrate Judge (ECF No. 65) is **ADOPTED**; it is further

**ORDERED** that Harris's motion to withdraw guilty plea (ECF No. 49) is **DISMISSED**; and it is further

**ORDERED** that the Government's first motion to dismiss for failure to comply (ECF No. 54) and second motion to dismiss for failure to comply (ECF No. 57) are **GRANTED.**

                                          **S\\_____**
                                          **Curtis V. Gómez**
                                          **District Judge**